## Israel and Olevsky *v.* Label, Appellant.

*Contracts—Building contracts—Question of fact—Case for jury.*

In an action of assumpsit to recover balance alleged to be due for work done and material furnished, the case is for the jury and a verdict for the plaintiff will be sustained, where the issue is one of fact as to the amounts which have actually been paid.

Receipts are only prima facie evidence of payment, and, when contradicted by the book entries of the adverse party and other evidence, the case is for the jury.

Argued May 6, 1925. Appeal No. 52, October T., 1925, by defendant from judgment of Municipal Court Philadelphia County, October T., 1923, No. 218, in the case of Benjamin Israel and Max Olevsky v. Jacob Label. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Assumpsit for work done under a building contract. Before LEWIS and KNOWLES, JJ.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiffs in the sum of $463.00 and judgment thereon. Defendant appealed.

*Error assigned,* among others, was in overruling defendant's motion for a new trial.

*Jacob Weinstein*, and with him *Herman H. Berlin*, for appellant.

*N. Shapiro*, and with him *Abraham Wernick* and *Rowland C. Evans*, of *Evans and Wernick*, for appellees: A receipt is only prima facie evidence and may be rebutted by evidence: Gregory v. Huslander, 227 Pa. 607; Pittsburgh Texas G. & O. Co. v. Adams, 79 Pa. Superior Court 511; Tasim v. Bastress, 268 Pa. 85.

OPINION BY TREXLER, J., July 9, 1925:

We shall confine ourselves entirely to the subject that is properly before us. A large amount of matter is printed in appellant's paper-book which serves no purpose in the decision of the case. The statement of question involved is, whether it is manifest abuse of discretion on the part of the trial court to refuse to set aside a verdict as against the weight of the evidence when the amount thereof is demonstrated to be excessive by unimpeached documentary evidence? We would answer this in the affirmative if the assumption that the documentary evidence is unimpeached were correct.

One of the plaintiffs testified that the defendant owed them $2,172.50 for work done on the premises of the defendant under a written contract, the consideration being $1,600 and extra work $572.50, making a total of $2,172.50. He admits having received on account $1,746, leaving a balance of $426.50. The defendant produced receipts which he claimed aggregated $1,863. Five of them are printed as defendant's exhibits and aggregate $1,763. The sixth it is claimed is not printed because it is written in Jewish and its amount is not given. One of the plaintiffs, upon cross-examination, insisted that all they got was $1,746. His testimony is that he gave the receipts some times without much relation to the amounts he received.

That small sums were paid from time to time and then a receipt for the amounts so paid was given without any assurance of its absolute accuracy, but as the witness said "about" the amount. Plaintiffs' books show the amount they received was $1,746. The judge submitted the matter to the jury to decide what the real amount was. Both parties apparently were satisfied because neither took exception to the charge and the jury found in favor of the plaintiffs for $463. It is now too late for the defendant to insist that the undoubted documentary evidence in the case shows that he did not owe as much as the verdict shows. His time to urge this was at the trial. If the court was wrong in its charge in this regard he should have excepted to it. The receipts were only prima facie evidence of the amounts paid and the plaintiff, fortified by his book entries, contradicted them. It would have been very proper for the trial judge to have explained to the jury the weight to be attached to the receipts, but counsel should have requested such instructions. No doubt if the attention of the trial judge had been called to the omission, the subject would have been referred to.

The judgment is affirmed.